UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
ANTHONY J. CAVANAUGH, INDIVIDUALLY )
and as ADMINISTRATOR OF THE ESTATE )
OF GINA M. SCOPA,                  )
                                   )
          Plaintiff,               )     CIVIL ACTION NO.
                                   )     12-10745-DPW
                                   )
     v.                            )
                                   )
ANDREA CABRAL, INDIVIDUALLY and as )
SHERIFF OF SUFFOLK COUNTY, MA,     )
GERARD HORGAN, INDIVIDUALLY and as )
SUPERINTENDENT OF THE SUFFOLK      )
COUNTY HOUSE OF CORRECTION,        )
CHRISTOPHER TARANTO, DANA          )
FITZPATRICK, DANIEL FITZGIBBON,    )
and JAMES COPPINGER,               )
                                   )
          Defendants.              )
```

MEMORANDUM
September 23, 2013

Following a scheduling conference in this matter during which the plaintiff was directed to file an amended complaint, all the defendants, save Fitzpatrick, filed a renewed motion under Fed. R. Civ. P. 12(b)(6), seeking dismissal of all counts other than Count I.  In response to that motion, the plaintiffs seek to maintain this action only as to Counts I, II and VIII. Since Count I is no longer the target of the defendants' motion to dismiss practice, I address here the viability of only Counts II and VIII.

-1-

Count II is directed to the two senior supervisory defendants, Sheriff Cabral and Superintendent Horgan, state officials who could only be held liable in their personal capacities. It alleges supervisory liability under 42 U.S.C. § 1983 in the most conclusory fashion. Count VIII seeks punitive damages against all defendants, but again fails to make any but the most conclusory allegations in support of that claim. Neither Count II nor Count VIII adequately states a claim upon which relief may independently be granted and accordingly both will be ordered dismissed.

The allegations of Count II for supervisory liability do not link the two senior supervisory defendants - except rhetorically - to the harm suffered by the plaintiff's decedent. Even if by straining to treat conclusory allegations of failure of adequate supervision as stating a supervisory claim without more, it is clear that both senior supervisory defendants would be immune from personal liability, under established qualified immunity doctrine which

> gives governmental officials breathing room to make reasonable, but mistaken judgments about open legal questions. When properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law."

*Ashcroft* v. *al-Kidd*, 131 S.Ct 2074, 2085 (2011) (quoting *Malley* v. *Briggs*, 475 U.S. 335, 341 (1986)). Any shortcomings conceivably alleged against the supervisory defendants here

regarding the details of treatment of potentially suicidal inmates would fall within the protections of that immunity.

The allegations of Count VIII are supererogatory. They seek punitive damages under § 1983. Such a damage claim is already embedded in Count I. While the allegations of the complaint generally do not appear to justify punitive damages, the vehicle for plaintiffs to pursue such damages is Count I and no separate count is necessary or appropriate.

Accordingly, the defendants' renewed motion to dismiss (#31) is GRANTED as to all counts except Count I.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE